UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:13-CV-P158-M

WILLIAM BRIAN SMITH                                                       PLAINTIFF

v.

HACK MARCUM et al.                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, William Brian Smith, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff, who was incarcerated as a pretrial detainee at the Taylor County Detention Center (TCDC) at the pertinent time, names as Defendants TCDC Jailer Hack Marcum and TCDC Nurse Cynthia. He sues Defendant Marcum in his individual and official capacity and sues Defendant Cynthia in her individual capacity. Plaintiff alleges that on July 17, 2013, he noticed swelling and minor pain below his left nostril. He states that Defendant Cynthia looked at it and diagnosed the condition as an ingrown hair. He states that the next day his face was swollen and painful and that on July 20, 2013, the swelling had increased, his nostril was swollen closed, and he had intense pain. He states that Defendant Cynthia again diagnosed an ingrown hair and did not prescribe any medicine. Plaintiff states that during a conversation with Defendant Cynthia two days later he suggested that he might have a staph infection and maybe should go to the hospital. According to Plaintiff, she stated, "'We don't send people to the

hospital for an ingrown hair,'" but she did prescribe antibiotics for the infection.

Plaintiff states that on the next day his wife came to take him to a previously scheduled appointment at a clinic for lumbar injections. He states that on this day his face was so swollen his wife hardly recognized him and that the doctor hesitated to do the lumbar injections due to the infection and swelling. The doctor did do the procedure but afterwards wanted Plaintiff to go to the hospital to evaluate his nostril. Plaintiff went to the Taylor Regional Hospital where, after being evaluated in the ER, he was admitted to the hospital. He states that the next day, July 24, 2014, an ENT doctor performed an incision and drainage of the nostril and washed out the infection in the operating room; "at that point, a penrose drain was placed in the left nostril and Plaintiff was continued on I.V. antibiotics and morphine for pain. Pathology report confirmed MRSA."

Plaintiff states that when he came out of surgery his oxygen level dropped dangerously low and he was placed on oxygen. He was released from the hospital on the next day, provided with peroxide and ointment, instructed to clean the surgical area at least twice daily, and prescribed clindamycin and ibuprofen. He states that after arriving back at TCDC he "was seen by Defendant Cynthia who took the peroxide and had brief discussion about the surgical area being cleaned twice daily." He states that he was released from TCDC to home incarceration on July 31, 2013. He states that his surgical area was only cleaned one time between July 25 and July 31, when he was sent home.

Plaintiff alleges that "Defendant Marcum was required to monitor medical personnel; implement proper procedures; ensure that TCDC inmate[s] receive prompt, efficient medical care, and ensure that medical personnel are qualified to render efficient medical care and

2

treatment, which he has failed to do." Plaintiff also alleges that Defendant Marcum ignored complaints that inmates are not receiving necessary medical treatment. He alleges that, as a direct result of Defendants' deliberate indifference, his medical condition turned into a serious condition requiring anesthesia and surgery, which resulted in a life-threatening condition when his oxygen level dropped dangerously low. Plaintiff asks for compensatory, punitive, and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim for injunctive relief*

3

Plaintiff's request for injunctive relief is moot because he is no longer incarcerated at TCDC. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

***Official-capacity claim against Defendant Marcum***

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claim against Defendant Marcum in his official capacity is actually brought against his employer, Taylor County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, like Taylor County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

4

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege a Taylor County custom or policy. Although he does allege that Defendant Cynthia told him "'We don't send people to the hospital for an ingrown hair,'" Plaintiff's contention is not that he needed to be sent to the hospital for an ingrown hair but rather that he needed to be treated for his infection. Because Plaintiff does not allege that a custom or policy was a moving force of the alleged constitutional violation, the Court will dismiss his claim against Defendant Marcum in his official capacity for failure to state a claim.

***Individual-capacity claim against Defendant Marcum***

Plaintiff alleges that Defendant Marcum was required to monitor medical personnel, ensure inmates receive prompt efficient medical care, and ensure that medical personnel are qualified. Plaintiff's allegations therefore do not evidence personal involvement in the alleged

5

constitutional violations but suggest instead that Defendant Marcum is liable due to his position as Jailer. However, the mere fact that Defendant Marcum is Jailer does not make him responsible for the alleged violation. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "[T]he liability of supervisors [cannot] be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, Defendant Marcum's position as Jailer of TCDC does not automatically make him liable for the actions/inactions of his subordinates. Because Plaintiff's allegations against Defendant Marcum relate only to his role as Jailer of TCDC, Plaintiff has failed to state a claim against him.

***Claim against Defendant Cynthia***

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

For a pretrial detainee like Plaintiff, "[d]ue process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). The Cruel-and-Unusual-Punishments Clause does not apply to pretrial detainees. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (*abrogated on other grounds by Jones v. Bock*). However, pretrial detainees are shielded from cruel and unusual punishment by the Due Process Clause of the Fourteenth Amendment. *Id.*

"Under the Fourteenth Amendment Due Process Clause . . . pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). "In the context of medical care for prisoners and detainees, it is well established that 'deliberate indifference to a prisoner's [or detainee's] serious illness or injury states a cause of action under § 1983.'" *Weaver v. Shadoan*, 340 F.3d at 410 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)) (alteration in original).

The Court will allow the claim against Defendant Cynthia for deliberate indifference to proceed. In doing so, the Court expresses no opinion on the ultimate merit of that claim.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's request for injunctive relief is **DISMISSED** for mootness.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Marcum are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief

may be granted. The Clerk of Court is **DIRECTED** to terminate Defendant Marcum as a party to this action.

A separate Scheduling Order will be entered to govern the progress of Plaintiff's remaining claim.

Date: February 14, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.009